IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-1270-GPG

**ZACHARY MARNER**,

    Plaintiff,

v.

**SWEDISH MEDICAL CENTER;**
**MARY M. WHITE;**
**WAKEFIELD AND ASSOCIATES, INC.**
**JAMES H. TERRELL;**
**BEACON MEDICAL SERVICES, LLC;** and
**DENNIS M. BECK,**

    Defendants.
_____

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT
_____

    Plaintiff Zachary Marner resides in Wheat Ridge, Colorado. On June 15, he filed a complaint against six entities and individuals alleging violations of the Fair Debt Collection Practices Act (FDCPA) as well as Health fraud under 18 U.S.C. § 3282. The Court now has granted leave to proceed pursuant to 28 U.S.C. § 1915 (ECF No. 4).

    The Court must construe the complaint liberally because Plaintiff is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court cannot act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. As part of the court's review pursuant to D.C.COLO.LCivR 8.1(b), the court has determined that the operative complaint is deficient. For the reasons stated below, Plaintiff will be directed to file an amended complaint.

    As an initial matter, the Court notes that Plaintiff has cited the wrong statute as the Health Care Fraud Statute. The correct citation is 18 U.S.C. § 1347. More

importantly however, this is a criminal statute.  Plaintiff has no legal basis to pursue

criminal charges through this civil action because private parties may not enforce

criminal statutes.  *See, e.g.*, *Florance v. Buchmeyer*, 500 F.Supp.2d 618, 626 (N.D.

Tex. 2007).  In addition, there is no constitutional right to have someone criminally

prosecuted.  *See Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990).  Private citizens

simply lack standing to use a civil forum to criminally prosecute anyone.  *See Linda R.S.*

*v. Richard D.*, 410 U.S. 614, 619 (1973).  Plaintiff may not seek redress for alleged

unlawful conduct by pursuing criminal charges through this civil rights action.

Finally, the operative complaint is deficient because it does not comply with the

pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  The twin

purposes of a complaint are to give the opposing parties fair notice of the basis for the

claims against them so that they may respond and to allow the Court to conclude that

the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument*

*Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d

1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to meet

these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp.

1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).  Rule 8(a) provides

that a complaint "must contain (1) a short and plain statement of the grounds for the

court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the

pleader is entitled to relief; and (3) a demand for the relief sought."  The philosophy of

Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be

simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the

emphasis placed on clarity and brevity by the federal pleading rules.  Prolix, vague, or

unintelligible pleadings violate Rule 8.

Claims must be presented clearly and concisely in a manageable format that allows a court and a defendant to know what claims are being asserted and to be able to respond to those claims.  *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957).  For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *Id.*

The Court has reviewed the Complaint and finds that Plaintiff fails to provide a short and plain statement of his claims in compliance with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion.  *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969).  The Court, however, will give Plaintiff an opportunity to cure the deficiencies in the Complaint by submitting an Amended Complaint that meets the requirements of Fed. R. Civ. P. 8.

To state a claim in federal court Plaintiff must explain (1) what a defendant did to him; (2) when the defendant did it; (3) how the defendant's action harmed him; and (4) what specific legal right the defendant violated **AS TO EACH AND EVERY CLAIM**. *Nasious v. Two Unknown B.I.C.E. Agents*, 492  F.3d 1158, 1163 (10th Cir. 2007) (noting that, to state a claim in federal court, "a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated").  Accordingly, it is

**ORDERED** that **within thirty days from the date of this Order**, Plaintiff shall file an amended complaint that complies with this Order.  It is

**FURTHER ORDERED** that Plaintiff shall obtain the Court-approved Complaint form, along with the applicable instructions, at www.cod.uscourts.gov, to be used in filing the amended complaint. It is

**FURTHER ORDERED** that if Plaintiff fails to comply with this Order within the time allowed the Court will dismiss the action without further notice.

DATED June 16, 2015, at Denver, Colorado.

BY THE COURT:

/s Gordon P. Gallagher
Gordon P. Gallagher
United States Magistrate Judge