IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-1270-GPG

**ZACHARY MARNER**,

      Plaintiff,

v.

**SWEDISH MEDICAL CENTER;**
**MARY M. WHITE;**
**BEACON MEDICAL SERVICES, INC;**
**DENNIS M. BECK;**
**WAKEFIELD AND ASSOCIATES, INC.; and**
**JAMES H. TERRELL,**

      Defendants.

---

## ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

---

Plaintiff Zachary Marner resides in Wheat Ridge, Colorado.  On June 15, 2015, he filed a complaint against six entities and individuals alleging violations of the Fair Debt Reporting Act (FDRA) and the Fair Debt Collection Practices Act (FDCPA).  The Court has granted Mr. Marner leave to proceed pursuant to 28 U.S.C. § 1915 (ECF No. 4).  Following this Court's June 16, 2015 Order, Plaintiff filed an Amended Complaint on July 9, 2015 (ECF No. 6).

The Court must construe the Amended Complaint liberally because Plaintiff is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court cannot act as an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  As part of the court's review pursuant to D.C.COLO.LCivR 8.1(b), the court has determined that the operative complaint is deficient.  However, because it appears that Plaintiff has made some effort to comply with the court's prior order to amend, he will be given one more opportunity to file a proper

pleading in this action.  For the reasons stated below, Plaintiff will be directed to file a second amended complaint.

The Amended Complaint fails to comply with the pleading requirements of the Federal Rules of Civil Procedure because Mr. Marner still fails to provide a clear and concise statement of each claim that demonstrates he is entitled to relief.  In this regard, Mr. Marner asserts two claims for relief:  1) violations of the Fair Credit Reporting Act; and 2) violations of the Fair Debt Collections Practices Act (although he incorrectly cites to the Truth in Lending Act in his Complaint).  Mr. Marner asserts each claim against all Defendants.  However, he fails to allege specific facts in support of the claims that demonstrate his rights have been violated and that each Defendant personally participated in the asserted violations of his rights.  Instead, in each claim Mr. Marner provides vague and conclusory factual allegations.

The operative complaint is deficient because it does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).  Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which

provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate Rule 8.

Claims must be presented clearly and concisely in a manageable format that allows a court and a defendant to know what claims are being asserted and to be able to respond to those claims.  *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957).  For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis."  *Id.*  Merely making vague and conclusory allegations that his rights have been violated does not entitle a *pro se* pleader to a day in court, regardless of how liberally the court construes such pleadings.  *See Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991), *aff'd*, 961 F.2d 916 (10th Cir. 1992).  "[I]n analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations."  *Hall*, 935 F.2d at 1110.  Furthermore, neither the court nor the Defendants are required to guess in order to determine what specific claims are being asserted and what specific factual allegations support each claim. The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005); *see also United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs.").

In order to comply with the pleading requirements of Rule 8 Mr. Marner must present his claims clearly and concisely in one document that allows the court and Defendants to know what claims are being asserted and to be able to respond to those claims.  **For each**

claim he asserts in the second amended complaint Mr. Marner **"must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."** *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007); *see also Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011) (allegations of "personal participation in the specific constitutional violation complained of [are] essential").

Moreover, Mr. Marner is advised that with regard to his first claim, the Fair Credit Reporting Act (FCRA) imposes a duty on persons who provide information to credit reporting agencies ("furnishers") to accurately report information. 15 U.S.C. § 1681s–2(a). While it also gives consumers a private right of action against those who violate its provisions, see 15 U.S.C. § 1681n (right of action against willful violators); 15 U.S.C. § 1681o (right of action against negligent violators), that right of action is limited to claims against the credit reporting agency; it does not extend to furnishers to agencies. *Sanders v. Mountain America Federal Credit Union*, 689 F.3d 1138, 1147 (10th Cir. 2012). Under the FCRA, "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681 e(b). "Once a consumer report exists, [the FCRA] triggers various duties on the part of a reporting agency, including the obligation to reinvestigate when a consumer contends that [her] consumer report is inaccurate or incomplete." *Ruffin–Thompkins v. Experian Info. Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005) (quotation omitted) (alterations in original). If a consumer reporting agency negligently violates a duty imposed by the FCRA, actual damages, costs and fees are available. 15 U.S.C. § 1681o. In the case of a willful violation

4

of the statute, punitive damages are also available.   15 U.S.C. § 1681n.   There is a two-year statute of limitations governing suits based on FCRA.   15 U.S.C. § 1681p.   *See TRW Inc. v. Andrews,* 534 U.S. 19, 22 (2001).

With respect to his second claim, the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. 1692, is a consumer protection statute that prohibits certain abusive, deceptive, and unfair debt collection practices.   *Marx v. General Revenue Corp.*, 133 S.Ct. 1166 (2013).   The FDCPA's private-enforcement provision, § 1692k, authorizes any aggrieved person to recover damages from "any debt collector who fails to comply with any provision" of the FDCPA. § 1692k(a).   *Marx*, 133 S.Ct. at 1171.   In its statutory definition, the FDCPA defines a "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).   The FDCPA specifically excludes creditors collecting their own consumer debts.   *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985) ("[t]he legislative history of section 1692a(6) indicates conclusively that a debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned")).   Moreover, private actions under the Fair Debt Collections Practices Act must be brought within one year of the date of the violation.   *See* 15 U.S.C.A. § 1692k(d).

The Court has reviewed the Complaint and finds that Plaintiff fails to provide a short and plain statement of his claims in compliance with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.   A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion.   *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d

1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court, however, will give Plaintiff one more opportunity to cure the deficiencies in the Complaint by submitting an Amended Complaint that meets the requirements of Fed. R. Civ. P. 8.

**TO STATE A CLAIM IN FEDERAL COURT A PLAINTIFF MUST EXPLAIN:  1) WHAT A DEFENDANT DID TO HIM; 2) WHEN THE DEFENDANT DID IT; (3) HOW THE DEFENDANT'S ACTION HARMED HIM; AND (4) WHAT SPECIFIC LEGAL RIGHT THE DEFENDANT VIOLATED AS TO EACH AND EVERY CLAIM**. *Nasious v. Two Unknown B.I.C.E. Agents*, 492  F.3d 1158, 1163 (10th Cir. 2007) (emphasis added).  Accordingly, it is

**ORDERED** that **within thirty days from the date of this Order**, Plaintiff shall file an amended complaint that complies with this Order.  It is

**FURTHER ORDERED** that Plaintiff shall obtain the Court-approved Complaint form, along with the applicable instructions, at www.cod.uscourts.gov, to be used in filing the amended complaint.  It is

**FURTHER ORDERED** that if Plaintiff fails to comply with this Order within the time allowed the Court will dismiss the action without further notice.

DATED August 24, 2015, at Denver, Colorado.

BY THE COURT:

 /s Gordon P. Gallagher
Gordon P. Gallagher
United States Magistrate Judge